AFTER REMANDMENT
This cause was remanded to the circuit court for reconsideration of the handling of a pretrial psychiatric report which the court considered as a reason for denying a defense motion for continuance to seek further psychiatric evaluation. Clisby v. State, 456 So.2d 95 (Ala. 1983), citingEstelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359
(1981), and Proffitt v. Wainwright, 685 F.2d 1227 (11th Cir. 1982). The trial court resolved the defendant's asserted denial of cross examination of the psychiatrist who prepared the report by holding a new sentencing hearing by the court.
On remand, the defendant filed a motion for psychiatric examination "to be conducted in light of those mitigating factors or circumstances" set forth in Alabama Code Section 13-11-7 (2) (the capital felony was committed "under the influence of extreme mental or emotional disturbance") and Section 13-11-7 (6) (involving the "substantial impairment" of the accused "to appreciate the criminality of his conduct or to conform his conduct to the requirements of law"). The trial judge granted this motion and the defendant was examined by psychiatrist John Callahan on June 25th and 27th, 1983.
At the new sentencing hearing on remand, Dr. Callahan testified that the defendant was competent and that he did not find any indication that the defendant committed the capital felony while under the influence of extreme mental or emotional disturbance, or that his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
Dr. Callahan stated that the defendant had not been suffering from any mental disorder other than possibly an "antisocial personality disorder."
 "A. In speaking to the Defendant I was unable to determine any disorder other than possibly antisocial personality disorder.
"Q. What do you mean antisocial personality disorder?
 "A. That he has had difficulty in the past in conforming his conduct to the rules of society. That he is not respectful of the rights of others, that he has a poor work history. That his ability or his — to set long term goals is somewhat different."
Dr. Callahan also testified that there was no indication of extreme emotional or mental disturbance:
 "He (defendant) did not indicate to me that he was under any strong emotional distress or mental illness at any time in his life. I asked him on numerous occasions to give me any instance where he felt that he was under severe emotional distress and he said he could not. He said that any emotional or mental problems that he had were connected with drugs that he had used."
The only other witness to testify at the new sentencing hearing was the defendant himself. He stated that he started having problems at the age of sixteen when his mother died and that he might have something "wrong" with him but was not sure. He testified that he "hate it happened."
"Q. When did you begin hating that it happened?
"A. I would say after I had did it."
The trial judge set forth in writing, as the basis for the sentence of death, findings of fact from the trial and the sentencing hearing held on remand, as required by Alabama Code Section 13-11-4 (1975).
Finding no mitigating circumstances, he sentenced the defendant to death. His finding "that there are no mitigating circumstances" requires that this cause be remanded in light ofEddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1
(1982).
Since the crime was committed in November of 1979, it is governed by Alabama Code Sections 13-11-1 through 13-11-9. The trial judge's findings of fact are in full *Page 101 
compliance with Section 13-11-4 requiring such findings and stating what they shall contain. Even so, they are deficient under Eddings for the reason we set out below.
Section 13-11-4 states that the judge's findings of fact "shall at least include the following: * * * (2) Any of the mitigating circumstances enumerated in Section 13-11-7 which it finds insufficient to outweigh the aggravating circumstances."
The mitigating circumstances of Section 13-11-7 are:
"Mitigating circumstances shall be the following: [1]
 "(1) The defendant has no significant history of prior criminal activity;
 "(2) The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance;
 "(3) The victim was a participant in the defendant's conduct or consented to the act;
 "(4) The defendant was an accomplice in the capital felony committed by another person and his participation was relatively minor;
 "(5) The defendant acted under extreme duress or under the substantial domination of another person;
 "(6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and
 "(7) The age of the defendant at the time of the crime."
The constitution requires that the sentencer in capital cases must be permitted to consider any relevant mitigating circumstance.
In Lockett v. Ohio, 438 U.S. 621, 624, 98 S.Ct. 2981, 2983,57 L.Ed.2d 1000 (1978), the United States Supreme Court concluded that "the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." (emphasis in original). In Eddings, a majority of the Supreme Court declared that the sentencer may not as a matter of law preclude any relevant mitigating factors offered by a defendant: "Just as the State may not by statute preclude the sentencer from considering any mitigating factor, neither may the sentencer, refuse to consider, as a matter of law, any relevant mitigating evidence." (emphasis in original).
 "These cases establish that, subject only to the loose evidentiary requirement of relevance, capital defendants have a right to offer any evidence they choose on character or record or circumstances of the offense. Further, a death penalty scheme must allow the sentencing authority to consider and give independent weight to mitigating factors in addition to those listed in the death penalty statute. The cases thus create an asymmetry weighed on the side of mercy: while a sentencing authority may consider only those aggravating circumstances listed in the relevant statute, Proffitt v. Wainwright, 685 F.2d 1227, 1266-70 (11th Cir. 1982), it may consider any mitigating factors that it wishes." Stanley v. Zant, 697 F.2d 955, 960 (11th Cir. 1983) (emphasis in original).
In Jacobs v. State, 361 So.2d 640, 652-53 (Ala. 1978), cert. denied, 439 U.S. 1122, 99 S.Ct. 1034, 59 L.Ed.2d 83 (1979), the Alabama Supreme Court found that Alabama's sentencing scheme in death cases did not violate the holding in Lockett because the statutes broadly allow the accused to present evidence of any mitigating circumstance. In Beck v. State, 396 So.2d 645, 663
(Ala. 1980), that same court held that "the court must permit the defendant to introduce any matter relating to any mitigating *Page 102 
circumstances including those enumerated in Code 1975, Section 13-11-7."
From the trial judge's written findings, we cannot determine whether he considered the defendant's mental deficiency as a mitigating circumstance and then determined that the degree of mental disability was simply insufficient to support those mitigating circumstances defined in Section 13-11-7 (2) and (6), or whether he merely decided that the defendant's mental disability could not be considered as a mitigating circumstance as a matter of law because it did not measure up to the statutory standard. As we noted in Berard v. State,402 So.2d 1044, 1051 (Ala.Cr.App. 1980), both subsections (2) and (6) of Alabama Code Section 13-11-7 are concerned with "the degree of the accused's mental disability: `extreme mental or emotional disturbance' in (2) and `capacity . . . substantially impaired' in (6)." (emphasis in original). In light of Eddings, we cannot make the assumption that the trial judge's finding of no mitigating circumstances is "tantamount to a holding that the degree of disability necessary to support those (statutory) mitigating circumstances was lacking." Berard, supra. See alsoLewis v. State, 380 So.2d 970, 977 (Ala.Cr.App. 1979).
In Eddings, the court specifically found that evidence of "a difficult family history and of emotional disturbance" constitutes relevant mitigating evidence. In this case, as inEddings, evidence was presented that the defendant had an antisocial personality. Here, the defendant's mental or emotional disturbance must be considered as relevant mitigating evidence. However, it is for the trial judge to determine theweight to be given that evidence. As stated in Eddings, "the sentencer, . . . may determine the weight to be given relevant mitigating evidence. But (he) may not give it no weight by excluding such evidence from (his) consideration."
We emphasize that the existence of a mitigating circumstance does not necessarily require a sentence of life imprisonment without parole rather than death. Lewis, 380 So.2d at 977. The process . . . . of weighing the aggravating and mitigating circumstances is not "a mere tallying of aggravating and mitigating circumstances for the purpose of numerical comparison." Alabama Code Section 13A-5-48 (1975). It is a balancing process wherein one aggravating circumstance may outweigh any amount of mitigating evidence or any number of statutory mitigating circumstances. On the other hand, the sentencer may give one mitigating factor — whether or not defined by statute — such emphasis that it outweighs several aggravating circumstances. Lewis, supra.
This cause is remanded to the trial court with directions that the sentencing judge enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in Section 13-11-6, each mitigating circumstance enumerated in Section 13-11-7, and any additionalmitigating evidence offered. These findings shall also reflect the sentence imposed.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] Alabama Code Section 13A-5-51 (1975), which applies to capital offenses committed after July 1, 1981, lists these same mitigating circumstances but provides "(m)itigating circumstances shall include, but not be limited to, the following." See also Section 13A-5-52.