David Leroy Coulter was sentenced to die for the intentional killing of one George Morris during the course of a robbery. Code 1975, § 13-11-2 (a)(2). On appeal to the Court of Criminal Appeals, Coulter raised several issues which he claimed entitled him to either a new trial or to a new sentence hearing. The Court of Criminal Appeals, in a lengthy opinion, discussed each of Coulter's arguments, found no reversible error, and after independently determining that the sentence of death was appropriate for Coulter, affirmed his conviction and sentence.
Coulter filed a petition for this Court to review that decision, and in his petition, he raises the same issues he had previously presented to the Court of Criminal Appeals. In brief, he lists these issues:
 "(1) Is the Alabama death penalty, as contained in the Alabama Code, 1975, constitutional?
 "(2) Did the Trial Court err to reversal by admitting into evidence a report concerning fingerprint identification of a co-defendant in the absence of any predicate showing the qualifications of the preparer of the report and over Appellant's heresay [sic] objections?
 "(3) Did the Trial Court err to reversal by instructing the jury during the sentencing phase that their verdict must be unanimous before any punishment verdict could be rendered?
 "(4) Did the Trial Court err to reversal by refusing to give Appellant's requested charge as to lesser included offenses?
 "(5) Did the Trial Court err to reversal by refusing to allow Appellant to introduce evidence of sentences imposed on co-defendants during the sentencing hearing? *Page 353 
 "(6) Did the Trial Court err to reversal by admitting into evidence Appellant's prior convictions in Georgia as proof of aggravating circumstances, when the crimes for which he was convicted in Georgia occurred after the crime for which he received the death penalty?
 "(7) Did the Trial Court err to reversal by allowing the State to read Appellant's testimony and statement from a previous trial to the jury when the statement made reference to possible crimes committed by the Defendant but for which no convictions were had?"
The Court of Criminal Appeals addressed each of these issues in great detail in its opinion, Coulter v. State, 438 So.2d 336
(Ala.Cr.App. 1982), and cited ample authority in support of its resolution of those issues, and we see no need to address those same issues, because we think the Court of Criminal Appeals correctly decided them.
We do expand on that court's opinion regarding the petitioner's claim that a conviction of crimes which occurred after the capital offense was committed could not be used as proof of an aggravating circumstance. We cannot accept petitioner's argument. We agree with the Court of Criminal Appeals' determination that "the previously convicted language [in § 13-11-6 (2)] must refer to convictions received prior to the sentencing hearing."
In Zant v. Stephens, ___ U.S. ___, 103 S.Ct. 2733,77 L.Ed.2d 235 (1983), the Supreme Court of the United States noted in footnote 6:
 "In his state habeas petition, respondent unsuccessfully challenged the aggravating circumstance that he had a prior conviction for a capital felony. He was admittedly under such a conviction at the time of his trial in this case, but not at the time of the murder. The Supreme Court of Georgia interpreted the statute, Ga. Code Ann. § 27-2534.1 (b)(1), as referring to the defendant's record at the time of sentencing. Accordingly, respondent's contention was rejected. [Stephens v. Hopper] 241 Ga., [596] at 602-603, 247 S.E.2d 92, 96-97. Respondent renewed his challenge to that aggravating circumstance in his federal habeas petition, but the Court of Appeals correctly recognized that it had no authority to question the Georgia Supreme Court's interpretation of state law. [Stephens v. Zant] 631 F.2d, [397] at 405 [(5th Cir. 1980)]. The contention is not renewed here."
The Model Penal Code suggests that a defendant's past behavior can be an aggravating circumstance.
In the comment to § 210.6, A.L.I., Model Penal Code and Commentaries, 1980, at page 136, it is stated:
 "Prior conviction of a felony involving violence to the person suggests two inferences supporting escalation of sentence: first, that the murder reflects the character of the defendant rather than any extraordinary aspect of the situation, and second, that the defendant is likely to prove dangerous to life on some future occasion."
The Model Penal Code does not define "prior conviction," but the comment is contained in a section dealing with the sentence hearing. In view of that fact, and in view of the fact that individualization of sentence is the desired goal, the words "previously convicted" used in the Model Penal Code draft of aggravating circumstances must refer to a time prior to sentence instead of prior to the date of the commission of the capital offense.
Having considered the petition, the briefs, and the opinion of the Court of Criminal Appeals, we are of the opinion that the judgment of the Court of Criminal Appeals which upheld Coulter's conviction and sentence of death is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur. *Page 732