On retrial, respondent Beck was convicted of the capital offense of robbery-intentional killing, Code 1975, § 13-11-2 (a)(2). Thereafter, he was sentenced to death.
The Court of Criminal Appeals remanded this case to the trial court for additional inquiry under Witherspoon v. Illinois,391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). After return of the case from remand, the Court of Criminal Appeals,485 So.2d 1196, entered a decision reversing both the conviction and the sentence of death, because a juror had been improperly excused for cause as a result of her opposition to the death penalty. This court then *Page 1202 
granted the State's petition for a writ of certiorari.
The State neither disputes the finding of the Court of Criminal Appeals that there was error under Witherspoon, nor contests the fact that another sentence proceeding is required. The sole issue raised by the State is whether jury exclusion error under Witherspoon v. Illinois, supra, necessitates a new guilt stage trial when, under our bifurcated procedure, a separate sentence proceeding is required. We hold that only a new sentence proceeding is required on remand to the trial court.
Resolution of the above issue involves the proper interpretation to be placed on the verdict form requirement of Code 1975, § 13-11-2 (a), which provides:
 If the jury finds the defendant guilty, it shall fix the punishment at death. . . .
Having rejected the argument that we could judicially sever this jury participation provision, we have construed it to be
 . . . permissive and to mean that the jury cannot fix punishment at death until it takes into account the circumstances of the offense together with the character and propensity of the offender, under sentencing procedures which will minimize the risk of an arbitrary and capricious imposition of the death penalty.
Beck v. State, 396 So.2d 645, 660 (Ala. 1980) (emphasis in original).
Respondent Beck asserts that we should further interpret § 13-11-2 (a), Code 1975, to mean that the same jury is responsible for the determination of guilt and the fixing of punishment, precluding remand for a new sentence hearing only before a newly impaneled jury. He argues that this is the plain meaning of the language of the statute, requiring the State to undertake both a new trial on the issue of guilt and a new punishment proceeding if it wishes to obtain a death sentence for respondent Beck.
We are aware of no decisions of the Supreme Court of the United States or the lower federal courts that support respondent's proposed interpretation of § 13-11-2 (a), Code 1975. In Witherspoon v. Illinois, the Supreme Court of the United States made it clear that its holding regarding jury exclusion error did not render invalid the petitioner's conviction, but only his sentence of death. 391 U.S. at 522 n. 21, 88 S.Ct. at 1777 n. 21. Likewise, the United States Court of Appeals for the Eleventh Circuit in a recent case involvingWitherspoon error, held invalid only the sentence of death; moreover, the court remanded the case with directions that the State choose either "(1) to conduct a new sentence proceeding, in the manner provided by state statute, or (2) to vacate petitioner's sentence and impose a sentence less than death in accordance with state law." Hance v. Zant, 696 F.2d 940, 957
(11th Cir. 1983). Accord, Granviel v. Estelle, 655 F.2d 673,684 (5th Cir. 1981). Having carefully studied these authorities and others, we think respondent Beck's conviction (as opposed to his sentence) was improperly reversed for Witherspoon error by the Court of Criminal Appeals.
Prior to its decision in this case, our Court of Criminal Appeals had held that error occurring during the sentencing phase alone of a bifurcated capital trial did not necessitate reversal of the conviction, but only a remand with directions that a new sentence hearing be held. Whisenhant v. State,482 So.2d 1225 (Ala.Cr.App. 1982), aff'd in part and remanded with directions, 482 So.2d 1241 (Ala. 1983), aff'd on remand,482 So.2d 1246 (Ala.Cr.App. 1983), cert. granted December 30, 1983. The court opined that the Alabama death penalty statute under which both petitioners Beck and Whisenhant were tried, as interpreted by this court in Beck v. State, supra, "does not require that the same jury which convicts a defendant must sentence him as well." Whisenhant v. State, supra, November 23, 1982 (emphasis added). The court held that a hearing on remand "must necessarily be conducted before another jury, which shall review the entire evidence presented at trial before rendering its verdict." Id., citing Berard v. State, 402 So.2d 1044
(Ala.Cr.App. 1981). We agree. *Page 1203 
In support of its decision to remand for a new sentence hearing in Whisenhant, the Court of Criminal Appeals relied on the construction given the Mississippi death penalty statute by that state's supreme court in Rouse v. State, 222 So.2d 145
(Miss. 1969). In Rouse, the court, interpreting a capital punishment statute similar to Alabama's, held that "the words `the jury rendering the verdict' . . . were not intended to require the same jury to fix the punishment where the accused pleads guilty or he successfully raises the Witherspoon rule."Id., at 151. Accord, Bean v. State, 86 Nev. 80, 465 P.2d 133,142 (1970). We think § 13-11-2 (a), Code 1975, requires no more when Witherspoon error is found.
The Supreme Court of Mississippi premised its ruling in Rouse
on a severability of the issues of guilt and punishment in a capital punishment case; it found such a concept to be "implicit" in the United States Supreme Court's holding inWitherspoon. Rouse v. State, 222 So.2d at 150. We think this understanding readily comports with the bifurcated trials that we have ordered under Alabama's death penalty act. Beck v.State, 396 So.2d at 662. Such trials include both a guilt-finding phase and, if the defendant is found guilty, a sentence-determining phase. We are of the opinion that under this scheme remand for a new sentence hearing is an appropriate decree on appeal if error is found in the sentencing phase but not in the guilt-finding phase.[1] Whisenhant v. State, supra,482 So.2d 1225.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] The procedure outlined in this opinion is identical to that provided for in Alabama's current death penalty act. Section13A-5-46 (b), Code 1975 (Supp. 1981), provides:
 (b) If the defendant was tried and convicted by a jury, the sentence hearing shall be conducted before that same jury unless it is impossible or impracticable to do so. If it is impossible or impracticable for the trial jury to sit at the sentence hearing, or if the case on appeal is remanded for a new sentence hearing before a jury, a new jury shall be impanelled to sit at the sentence hearing. The selection of that jury shall be according to the laws and rules governing the selection of a jury for the trial of a capital case.