485 So.2d 1203 (1984)
Gilbert Franklin BECK, alias
v.
STATE.
7 Div. 909.
Court of Criminal Appeals of Alabama.
March 20, 1984.
Rehearing Denied April 24, 1984.

*1204 ON REMAND
TYSON, Judge.
The Supreme Court of Alabama in Beck v. State, 485 So.2d 1201 (Ala.1984), held that a Witherspoon[1] error, committed during the selection of the jury prior to the guilt stage trial, does not necessitate a new guilt stage trial. "Only a new sentence proceeding is required on remand to the trial court." Beck v. State, supra. The court concluded that under Alabama's capital punishment scheme "remand for a new *1205 sentencing hearing is an appropriate decree on appeal if error is found in the sentencing phase but not in the guilt-finding phase." Beck v. State, supra.
On remand we must now determine whether or not there were any "guilt-finding phase" errors which do necessitate a new "guilt-finding phase" trial. Consideration of such errors was previously pretermitted because of the existence of the Witherspoon error. See, Beck v. State, 485 So.2d 1196 (Ala.Cr.App.1983).

I
Appellant's contention that the "rewrite" of the Alabama death penalty statute in Beck v. State, 396 So.2d 645 (Ala. 1980), was an unconstitutional usurpation of the legislature's power has been decided against him in Clisby v. State, 456 So.2d 86 (Ala.Cr.App.1982), affirmed in part, reversed in part and remanded on other grounds, 456 So.2d 95 (Ala.1983), and its progeny. See, Potts v. State, 426 So.2d 886 (Ala.Cr.App.1982), affirmed, 426 So.2d 896 (Ala.1983); Coulter v. State, 438 So.2d 336 (Ala.Cr.App.1982), affirmed, 438 So.2d 352 (Ala.1983).

II
There is no merit in appellant's argument that the indictment was fatally defective because it lacked an averment as to the time of the offense. The indictment clearly specified the incident which gave rise to the charge against the appellant. The appellant was not confused about the nature of the capital offense charged in the indictment at any stage of the instant case. In fact, the instant trial was his second trial under this same indictment. Moreover, appellant's presence during the indictment, which gave rise to the offense described in the indictment, was undisputed.
Under the circumstances, the indictment satisfied the constitutional requirements explained in Summers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). An averment as to the time of the offense was not necessary. See, Deep v. State, 414 So.2d 141 (Ala.Cr.App.1982); Bush v. State, 431 So.2d 555 (Ala.Cr.App.1982), affirmed, 431 So.2d 563 (Ala.1983), and cases therein cited; compare, Ala.Code § 15-8-30 (1975).

III
After the completion of the voir dire examination of all of the prospective jurors, the appellant moved to dismiss all prospective jurors who had heard of his previous conviction on this same capital murder charge. Of the twenty-eight prospective jurors challenged by the appellant only fourteen were excused. Appellant insists that the trial court erred in refusing to dismiss the remaining fourteen jurors who had received at least some information about appellant's previous conviction. We disagree.
Prospective jurors who have heard of a defendant's previous conviction on the same charges need not be automatically excluded from the venire. Whisenhant v. State, 482 So.2d 1225 (Ala.Cr.App. 1982), affirmed in part, remanded with directions on other grounds, 482 So.2d 1241 (Ala.1983); affirmed on remand, 482 So.2d 1246 (Ala.Cr.App.1983); Giles v. State [Ms. 6 Div. 86, January 10, 1984] (Ala.Cr.App. 1984). A prospective juror with knowledge of a previous conviction need not be dismissed for cause, if the trial court determines that the juror does not have a fixed opinion of appellant's guilt, but rather can lay aside any preconceived notions or opinions and render a verdict based solely upon the evidence presented in court. Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); Whisenhant v. State, supra; Giles v. State, supra. This determination is a matter left to the sound discretion of the trial court. See, Robinson v. State, 430 So.2d 883 (Ala.Cr.App.1983), and cases therein cited.
As in Robinson, Whisenhant, and Giles, the trial court did not abuse its discretion in the instant case. Its decisions not to strike for cause the fourteen prospective *1206 jurors noted above were amply supported in the record. They were based upon thorough and sifting voir dire examinations of each prospective juror.[2] These voir dire examinations simply did not demonstrate that any of these fourteen jurors were biased or prejudiced against the appellant. The trial court properly applied the juror qualification standards outlined in Murphy v. Florida, supra, and followed in Whisenhant and Giles.

IV
The appellant further contends that his confession should have been suppressed because it was the "fruit" of an illegal arrest. He claims that his warrantless arrest was illegal because the arresting officers lacked "probable cause." We disagree.
A warrantless arrest is authorized when a felony has been committed and the arresting officer has "reasonable cause to believe" that the person arrested committed it. Bridges v. State, 52 Ala.App. 546, 295 So.2d 266 (1974); Campbell v. State, 354 So.2d 325 (Ala.Cr.App.1977).
While the investigating officers were conducting their preliminary investigation of the double homicide at the Malone home, Mr. Marlin Bartlett informed them that earlier that afternoon, he had seen appellant's blue pick-up truck parked in front of the Malone home. The officers determined that Bartlett had seen appellant's truck at the murder scene at the time the murders were committed. They drove to appellant's home to question the appellant. Outside appellant's home they observed appellant's blue pick-up truck and saw, in plain view, in the bed of the truck a pair of blood-spattered boots. They also noticed a smoldering trash barrel outside, behind appellant's home. Based on Bartlett's information, their own observations outside appellant's residence, and the reactions of the appellant and his wife when the officers informed them of the nature of the investigation, the officers placed the appellant under their custody.
As in Bridges and Campbell, the investigating officers, indeed, had "reasonable cause to believe" that the appellant was guilty. Their warrantless arrest of the appellant was, therefore, not improper.

V
We agree with the appellant that the trial court's initial oral charge was somewhat complex and confusing. However, we do not agree that the portions cited by the appellant left the jury in a state of confusion as to the elements of, and the critical distinction between, the capital offense charged and the alleged lesser included offense of first-degree murder under the "felony murder" doctrine.
As the state explains in brief, the complex portions of the trial court's oral charge were clarified by subsequent oral instructions requested by the appellant and by requested written charges. We have carefully reviewed the entire oral charge, including the supplemental oral instructions, and the requested written charges. When taken as a whole, the instructions to the jury at the close of the guilt-phase trial were adequate and not prejudicial to the appellant. See, Duncan v. State, 436 So.2d 883, 906 (Ala.Cr.App.1983); see also, Van Antwerp v. State, 358 So.2d 782 (Ala.Cr. App.), cert. denied, 358 So.2d 791 (Ala. 1978); Harris v. State, 412 So.2d 1278 (Ala. Cr.App.1982).
For the reasons stated above, and because, after a thorough review of the guilt-phase proceedings we have found no errors prejudicial to the appellant, appellant's capital murder conviction is due to be affirmed.
However, due to the Witherspoon error, this cause must be remanded to the trial court for a new sentencing hearing. The trial court is hereby directed to conduct this new sentencing hearing in a manner *1207 consistent with Beck v. State, 396 So.2d 645 (Ala.1980), and the authorities cited therein. See, Clisby v. State, 456 So.2d 99 (Ala.Cr.App.1983), after remandment II, 456 So.2d 102 (Ala.Cr.App.1983); Coulter v. State, supra; Beck v. State, 485 So.2d 1201 (Ala.1984).
AFFIRMED IN PART; REMANDED WITH DIRECTIONS FOR A NEW SENTENCING HEARING.
All the Judges concur.

ON REHEARING
TYSON, Judge.
The following additional facts are hereinafter set forth with reference the arrest of the appellant.
Etowah County Sheriff's Investigator, Don Longshore, testified that he had gone to the house trailer of the appellant, pursuant to information received from one Marlin Bartlett, who had observed the appellant's blue pickup truck parked in front of the Malone home. Longshore and other investigating officers made two trips to the house trailer of Beck on the afternoon of his arrest. It is not entirely clear on which visit the officers observed a pair of blood-spattered boots lying in the bed of the pickup truck and also a smoldering trash barrel outside behind the appellant's home. Nevertheless, this information was possessed by several officers prior to their interrogation of the appellant and his giving his statement or confession the following day.
OPINION EXTENDED; APPLICATION OVERRULED.
NOTES
[1] Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
[2] The complete voir dire examination of prospective jurors covered nearly 400 pages of the record on appeal.