BOWEN, Presiding Judge.
Charles Walter Pizzi was convicted for theft of property in the second degree and sentenced to 25 years’ imprisonment as a habitual offender.
I
Pizzi was charged with obtaining by deception $376.75 worth of electronics equipment by using a Visa credit card. The State’s evidence shows that he used his own credit card to purchase items and later refused to pay those charges made on his credit card. He now argues, as he did in his motion for new trial, that the evidence is insufficient because there was no showing that he fraudulently obtained the credit card: “Accepting the proof most strongly favorable to the State, the evidence was that the defendant then refused payment to the bank [after purchasing the items with his Visa card], falsely reporting to the bank that the credit card had been stolen, and that someone unknown to the defendant had purchased the said items.” Appellant’s brief, p. 13.
This argument is without merit. The false pretense was in using the credit card without any intent to pay the charges. “Deception occurs when a person knowingly • • • [p]romises performance [payment] which .¿he defendant does not intend to *1250 perform or knows will not be performed.” Alabama Code 1975, § 13A-8-l(l)(f). The card was issued on October 23,1984, with a $1,000 limit. By November 28, 1984, the defendant had charged a total of $1,969.23. This constitutes abundant evidence that the defendant obtained property by reason of the false pretense.
II.
The Attorney General admits that two of the three prior convictions were improperly used to enhance punishment under the Habitual Felony Offender Act because they occurred after the date of the crime now under review. Hamm v. State, 439 So.2d 829, 831 (Ala.Cr.App.1983). See also Ex parte Coulter, 438 So.2d 352, 353 (Ala.1983).
This cause is remanded for proper sentencing.
REMANDED FOR PROPER SENTENCING.
All the Judges concur.
ON RETURN TO REMAND
On remand, the defendant was properly sentenced to ten years' imprisonment as a habitual offender. The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.