On Return To Remand
TYSON, Judge.
During June — July, 1977, Gilbert Franklin Beck was convicted of capital murder pursuant to § 13-ll-2(a)(2), Code of Alabama 1975 and sentenced to death. His conviction was affirmed by this court, Beck v. State, 365 So.2d 985 (Ala.Cr.App.1978), and by the Alabama Supreme Court, Esc Parte Beck, 365 So.2d 1006 (Ala.1978); however, his conviction was overturned by the United States Supreme Court, Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), which held the “preclusion clause” of the Alabama Death Penalty Act to be unconstitutional.
The Alabama Supreme Court in Beck v. State, 396 So.2d 645 (Ala. 1981), held that the unconstitutional portion of the Act was severable and reversed and remanded the *1004 case to this court which, in turn, reversed and remanded the case to the Circuit Court of Etowah County for a new trial, Beck v. State, 396 So.2d 666 (Ala.Cr.App.1981).
Upon retrial Beck was again convicted and sentenced to death. He appealed to this court, which remanded the case to the trial court for a hearing to determine whether a new trial should be granted due to an alleged “Witherspoon error”. Beck v. State, 485 So.2d 1196 (Ala.Cr.App.1982). On return to remand, this court reviewed the record of that hearing, determined that a Witherspoon error had occurred and reversed and remanded the case for a new trial. Beck v. State, 485 So.2d 1196, 1199 (Ala.Cr.App.1983).
The Alabama Supreme Court granted certiorari and reversed and remanded the case to this court, holding that Beck was entitled to a new “sentence hearing’’ only and not a new determination of guilt. Ex Parte State, 485 So.2d 1201 (Ala.1984). On remand, this court affirmed Beck’s conviction but remanded to the trial court for a “new sentence hearing ... consistent with Beck v. State, 396 So.2d 645 (Ala.1980), and the authorities cited therein.” See Beck v. State, 485 So.2d 1203 (Ala.Cr.App.1984). The Alabama Supreme Court affirmed Beck’s conviction. Ex Parte Beck, 485 So.2d 1207 (Ala.1985).
As directed, a new sentence hearing was duly held whereby the jury returned the following verdict:
“We, the jury, cannot agree as to the punishment as to the defendant. The vote is as follows:
“For the death penalty 9, For life without parole 3, Wilburn Wayne Eads, Foreman.”
The trial judge then ordered Beck sentenced to “life imprisonment without parole”.
The facts of the case, including the details of the events leading up to and following this robbery-homicide, are sufficiently presented in our previous opinion reported as Beck v. State, 365 So.2d 985 (Ala.Cr.App.1978).
Having reviewed the record of this sentence hearing which we ordered in Beck v. State, 485 So.2d 1203 (Ala.Cr.App.1984), this court is of the opinion that the procedures outlined in Beck v. State, 396 So.2d 645 (Ala.1980) were here properly followed.
The jury was permitted to weigh the aggravating and mitigating circumstances surrounding this offense. Appropriate instructions were given to the jury by the trial judge. The trial judge properly found and ordered Beck sentenced to “life imprisonment without parole” in light of the jury’s inability to agree on a sentence of death. Beck v. State, 396 So.2d 645, 663 (Ala.1980).
Furthermore, we do not find anything in this record which indicates that this sentence was imposed under the influence of passion, prejudice or any other arbitrary factor. This sentence is not excessive or disproportionate to the penalties imposed in similar cases. See Jefferson v. State, 473 So.2d 1100 (Ala.Cr.App.1984), and authorities therein cited.
Indeed, Beck’s accomplice in this case, Roy Clements, was eventually sentenced to life imprisonment. See Clements v. State, 390 So.2d 1131 (Ala.Cr.App.), writ denied, 390 So.2d 1136 (Ala.1980).
For the above stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.