TORBERT, Chief Justice.
This case is here on writ of certiorari to the Court of Criminal Appeals, 505 So.2d 1249, to consider one issue.
Petitioner, Charles Pizzi, was charged with theft in the second degree (§ 13A-8-4), specifically by deception, § 13A-8-2(2), Code 1975. The indictment alleged that he “knowingly obtain[ed] or exert[ed] unauthorized control by deception, over three hundred seventy six and 75/100 dollars ($376.75), the property of North Carolina National Bank [NCNB]....” (Emphasis added.) The state proved that Pizzi obtained a credit card from NCNB, and that he used it to buy a scanner from a Radio Shack store. The deception that was proven was that after he bought the scanner he reported the credit card as stolen and denied having ever used it.
The basic issue presented is whether the state proved that Pizzi obtained control of any property of NCNB[1] as a result of the deception of falsely reporting that the card was stolen. Initially, it should be noted that we find no merit in the State’s contention that the issue was not preserved for appeal. The sufficiency of the evidence is not subject to review unless the defendant “has challenged such evidence by a motion to exclude the State’s evidence, motion for judgment of acquittal, request for the affirmative charge, or ... a motion for new trial filed in the trial court.” English v. State, 457 So.2d 458 (Ala.Crim.App.1984). In Pizzi’s motion for new trial he alleged that the state failed to prove a prima facie case and that there was insufficient evidence to prove beyond a reasonable doubt that the defendant knowingly obtained or exerted unauthorized control over property which exceeded $100.00 in value. As we shall discuss in detail below, there is no evidence that Pizzi obtained control over any property of NCNB.
The deception that the state proved was that Pizzi falsely claimed the credit card was stolen, and that he denied having ever used the card. Under § 13A-8-2(2), to commit a theft by deception the defendant must obtain by deception control over the property of another. Pizzi was charged with taking $376.75 from NCNB. Because the deception occurred after the scanner was bought and did not involve any act directed at Radio Shack, it is obvious that the deception did not induce Radio Shack to part with any property. What the deception was intended to do was to prevent the defendant from having to reimburse NCNB after NCNB became obligated to pay for the scanner. However, there is absolutely no evidence in the record that shows that NCNB was obligated to pay or did pay Radio Shack for the scanner. While it may be logical to assume that NCNB was obligated to pay for the scanner, it is the duty of the state to prove that NCNB was so obligated. There is no evidence that proves that Pizzi obtained control over $376.75 of NCNB by his deception.
The judgment of the Court of Criminal Appeals is therefore reversed and the case remanded.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.

. Pizzi has characterized the failure-of-proof issue in various ways. In his brief to the Court of Criminal Appeals, he stated that the issue was whether "[t]he defendant’s conviction for theft of property in the second degree should be reversed, since there was absolutely no evidence of an essential element of the said crime.” He argued that there was no evidence he obtained control over the property of NCNB because there was no showing that NCNB was obligated to pay Radio Shack for the scanner obtained on credit. In his petition for certiorari he characterizes the problem as being a variance between the proof at trial and the indictment. It is clear that the central issue is that Pizzi claims the state did not prove one of the elements of the crime charged in the indictment.