COBB, Judge.
On September 28, 1998, Jimmie Ross Washburn was convicted in Blountsville municipal court of reckless driving and of driving under the influence, violation of Municipal Ordinance 15-1, which incorporates §§ 32-5A-190 and 32-5A-191, Ala. *1147 Code 1975, respectively, after stipulating to certain facts. The trial court suspended his jail sentence of 30 days, placed Wash-burn on probation for 12 months, fined him $500, and ordered him to pay court costs. On appeal, Washburn argues that the Town of Blountsville (1) failed to establish reasonable suspicion for the initial stop, (2) failed to establish probable cause for his arrest, and (3) failed to prove beyond a reasonable doubt that he was guilty of reckless driving and of driving under the influence.
In a motion for a new trial, Wash-burn asserted that the verdict was contrary to the law and to the evidence, that the prosecutor failed to establish reasonable suspicion for the initial stop, and that the prosecutor failed to prove beyond a reasonable doubt that he was driving under the influence of alcohol. (C. 15.) A motion for a new trial is sufficient to preserve an issue of sufficiency of the evidence, even if no specific objection is made at trial. See Spangler v. State, 711 So.2d 1125 (Ala.Cr.App.1997); see also Ex parte Pizzi, 505 So.2d 1250 (Ala.1987). Therefore, these issues have been preserved for appellate review.
After Washburn entered a plea of not guilty, the prosecutor and Washburn stipulated to the following facts, which were read into evidence at trial:
“[0]n or about the 14th day of August 1998, at approximately 4:56 p.m., the defendant, Jimm[ie] Ross Washburn, was in charge or control or operating a motor vehicle in the city limits of Blountsville, Alabama, on Main Street within the city limits of Blountsville when at said time and place he did operate his motor vehicle in a willful and reckless disregard of the rights and safety of others, that he was observed doing so by the officer, Mr. Vallice Robertson.
“Mr. Robertson made a traffic stop to Mr. Washburn. And he asked Mr. Washburn to alight from the vehicle, at which time Mr. Washburn did alight from the vehicle. At that time Mr. Robertson smelled a strong odor of alcohol on Mr. Washburn.
“He asked him to do some field tests. He refused to do field tests. He asked him to submit [to] an Intoxilizer 5,000 [test]. He refused the ... test.
“He was arrested at the scene and charged with reckless driving and driving under the influence. That would be the City’s evidence.”
(R. 6-7.) After these stipulated facts were read into evidence by the prosecutor, Washburn objected to the reckless-driving language in the stipulation. Washburn’s counsel stated, “Your Honor, ... the only objection that the defense would offer would be that my client did not on said day at said time operate his motor vehicle in a willful and/or reckless manner. Besides that, Your Honor, the defense would concur in that stipulation.” (R. 7.) The prosecutor did not respond to the objection and the judge immediately found Washburn guilty of driving under the influence and of reckless driving. (R. 7-9.)
Apparently, neither the lower court nor the prosecutor realized that by objecting, Washburn indicated that he no longer joined in that portion of the stipulation relating to the facts concerning reckless driving. Because Washburn’s objection was not challenged by the prosecutor, and not recognized by the lower court, the reckless driving portion of the stipulated facts cannot be included in the evidence before us for review.
Washburn argues that the Town of Blountsville failed to establish reasonable suspicion to support the initial stop of his automobile. In Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court held that “a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to *1148 make an arrest.” It is well established that
“a police officer may make a brief investigatory detention based upon a ‘reasonable suspicion’ of criminal activity. This court in State v. Bodereck, 549 So.2d 542, 545-46 (Ala.Cr.App.1989), quoting from United States v. Post, 607 F.2d [847,] 850 (9th Cir.1979), discussed ‘reasonable suspicion’ as mentioned in Terry and stated:
“ ‘[T]he quantum of cause necessary to justify an investigatory stop is a “reasonable” or “founded” suspicion that the person has committed or is about to commit a criminal act.... The founded suspicion must arise from specific facts and not inchoate hunches, but the officer is entitled to draw inferences from those facts in light of his experience.’ ”
Gaskin v. State, 565 So.2d 675, 677 (Ala.Cr.App.1990). “Under Terry, a stop may be made on the basis of reasonable suspicion, which is a less demanding standard than probable cause; it may be satisfied by a lesser quantity or content of information or less reliable information than would be required for a finding of probable cause.” Atwell v. State 594 So.2d 202 (Ala.Cr.App.1991), cert. denied sub nom. Inabinett v. State, 594 So.2d 214 (Ala.1992), citing Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).
Although evidence of reckless driving was presented at trial on a related charge in this case, we cannot review this evidence as the Town of Blountsville asks us to do in its brief, because that evidence was not before the trial court when it found Wash-burn guilty of reckless driving. (Appel-lee’s brief, p. 3.) Therefore, we will review only the stipulated facts that were before the trial court when it found Washburn guilty of reckless driving and of driving under the influence.
As a result of Washburn’s objection to the stipulated facts regarding willful and reckless driving, there are no facts before this court establishing that Wash-burn was driving recklessly on September 28, 1998. Therefore, we conclude that the prosecutor did not present any evidence from which the officer had reasonable suspicion to stop Washburn’s automobile.
Even if there had been evidence indicating that the officer had reasonable suspicion to stop Washburn’s automobile, there was no evidence before the court from which the court could find him guilty of reckless driving or of driving under the influence.
The Alabama Code defines the offense of reckless driving as:
“(a) Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.”
§ 32-5A-190, Ala.Code 1975.
In the case at hand, Washburn objected to the stipulation that he was driving recklessly when he was stopped. (R. 7.) Because Washburn objected to this language, there is absolutely no evidence before this court on appeal that Washburn was driving recklessly. Therefore, we hold that the trial court erred by finding Washburn guilty of reckless driving.
Section 32-5A-191, Ala.Code 1975, defines the offense of driving under the influence. The pertinent portion of § 32-5A-191 provides:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
“(2) Under the influence of alcohol....”
§ 32-5A-191, Ala.Code (West Supp.1998).
Washburn refused to take an intoxilizer test. (R. 6.) Consequently, his blood aleo- *1149 hoi content at the time of his arrest is unknown and, we must review whether there was sufficient evidence to establish that Washburn was driving “under the influence of alcohol” as that term is used in § 32-5A-191(a)(2).
One manner of presenting evidence to support a § 32-5A-191(a)(2) violation is by “provfing] beyond a reasonable doubt that the appellant drove, or was in actual physical control of, a motor vehicle while he was under the influence of alcohol to such an extent that it affected his ability to operate his vehicle in a safe manner.” Goodwin v. State, 728 So.2d 662 (Ala.Cr.App.1998), citing Ex parte Buckner, 549 So.2d 451 (Ala.1989); see also Frazier v. City of Montgomery, 565 So.2d 1255 (Ala.Cr.App.1990).
The evidence established that Washburn was driving an automobile and that he smelled of alcohol. (R. 6.) After Washburn objected to the stipulation insofar as it related to reckless driving, there was no other evidence presented by the prosecutor tending to prove that Washburn was under the influence of alcohol, such as reckless driving. Therefore, we hold that the trial court also erred in finding Wash-burn guilty of driving under the influence.
For the above-stated reasons, the judgment of the lower court is due to be, and it is hereby, reversed and a judgment rendered in favor of Washburn.
REVERSED AND JUDGMENT RENDERED.
McMILLAN and FRY, JJ., concur.
LONG, P.J., and BASCHAB, J., concur in part and dissent in part, with opinion by LONG, P.J.