On Rehearing
On October 12, 1982, this court unanimously affirmed, without opinion, the robbery conviction of the Appellant. Because of a Rule 39 (k) A.R.A.P. petition, and the earnestness of the appellant's contentions in brief, this opinion follows.
James Albert Wright, Jr., was convicted of robbery and sentenced to twenty years. This case is submitted on briefs. The only issue raised on appeal is whether the trial court erred by denying appellant's motion to produce the following:
 "A copy of all arrest records, police records or juvenile records of any witnesses to be used by the State to testify against the Defendant in this case."
Appellant claims that the failure to order discovery here denied him his statutory rights under § 12-21-137, Code of Alabama 1975, to a "thorough and sifting" cross-examination of the State's witnesses, and deprived him of his Sixth Amendment constitutional right to confrontation of adverse witnesses.
It is settled, however, that there is no constitutional right to discovery in a criminal case, Weatherford v. Bursey,429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); Reed v. State,407 So.2d 153 (Ala.Cr.App. 1980), reversed on other grounds,407 So.2d 162 (Ala. 1981); Goodman v. State, 401 So.2d 208
(Ala.Cr.App.), cert. denied, 401 So.2d 213 (Ala. 1981).
There is also no absolute right to disclosure of the criminal records of the State's witnesses, see Mack v. State,375 So.2d 476, 486 (Ala.Cr.App. 1978), affirmed, 375 So.2d 504 (Ala. 1979), vacated on other grounds, 448 U.S. 903, 100 S.Ct. 3044,65 L.Ed.2d 1134 (1980), on remand, 405 So.2d 700 (Ala.), reversed on other grounds, 405 So.2d 701 (Ala.Cr.App. 1981), and authorities cited therein. *Page 685 
It is within the discretion of the trial judge to order disclosure of information "which might or might not have impeached the testimony of the State's witnesses," Oliver v.State, 399 So.2d 941 (Ala.Cr.App. 1981). There was no abuse here.
In fact, the trial judge went out of his way to protect appellant's interests by granting seven out of nine requests for discovery and production, including the following: (R. 144-145)
 "1. Copies of any Complaints and warrants issued by any magistrate for the arrest, search and seizure of the Defendant.
 "2. A list bearing the names of all officers who participated in any pre-arrest investigation of the Defendant for the offense now before the Court, and all officers who participated in the arrest and subsequent investigation of this case.
 "3. A list of all witnesses, who appeared before the Grand Jury or whose statements or affidavits were presented for consideration by the Grand Jury which returned the indictment in this case.
 "4. A copy of any and all written statements made by the Defendant after his arrest.
 "6. A list of all witnesses interviewed by the State in connection with this prosecution and their residence and/or business addresses.
 "7. A copy of all statements made by all witnesses interviewed by the State in connection with this prosecution.
 "8. A list of all oral declarations against interest or res gestae statements or oral statements alleged by the State to lead to discovery of evidence in this case."
We find no error in this record. The judgment of the trial court is therefore due to be and is hereby affirmed.
APPLICATION OVERRULED; CASE AFFIRMED.
All the Judges concur.