482 So.2d 1247 (1984)
Ex parte Thomas W. WHISENHANT.
(In re Thomas Warren WHISENHANT v. STATE of Alabama.)
83-33.
Supreme Court of Alabama.
May 11, 1984.
As Modified on Denial of Rehearing June 15, 1984.
John L. Carroll and Morris S. Dees, Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., and Ed Carnes, Asst. Atty. Gen., for respondent.
PER CURIAM.
Whisenhant was indicted and subsequently convicted in the Circuit Court of Mobile County of the capital offense of rape-intentional killing. He was sentenced to death on September 7, 1977, a pre-Beck sentence. Beck v. State, 365 So.2d 1006 (Ala.1978).
Petitioner's first conviction and death sentence were reversed by the Court of Criminal Appeals in 1979. Whisenhant v. *1248 State, 370 So.2d 1080 (Ala.Cr.App.), cert. denied, 370 So.2d 1106 (Ala.1979). This appeal involves the retrial after Beck, the re-conviction, and the new death sentence.
Following this new death sentence, the Court of Criminal Appeals affirmed the second conviction, but set aside the death sentence and ordered another sentence hearing before a new jury. Whisenhant v. State, 482 So.2d 1225 (Ala.Cr.App.1982). This Court granted the petitions for certiorari of both the State and Whisenhant on February 9, 1983. We issued an opinion on July 8, 1983, which affirmed the decision of the Court of Criminal Appeals affirming the conviction, but reversed that court's decision which remanded the cause for a new sentence hearing. Whisenhant v. State, 482 So.2d 1241 (Ala.1983). In that case, this Court adopted for the first time a rule of law which would authorize the application of the harmless error rule in sentence hearings in capital cases. We then remanded the case to the Court of Criminal Appeals for a determination of whether the harmless error rule, when applied to the sentence phase of the trial, required a new sentence hearing.
On remand, the Court of Criminal Appeals affirmed petitioner's sentence, holding that the error (improper argument of the Attorney General, which was also the basis of the reversal of the first conviction) was harmless. Whisenhant v. State, 482 So.2d 1246 (Ala.Cr.App.1983). Once again, this case is before us on petition for writ of certiorari. The granting of the petition was of right, pursuant to Rule 39(c), Alabama Rules of Appellate Procedure.
The State, the Court of Criminal Appeals, and this Court are in agreement that remarks made by the Attorney General during his opening statement at the penalty phase of the trial constitute error. During his opening statement, the Attorney General made reference to other crimes of petitioner and failed to offer any proof of those crimes. We must now decide whether such is error warranting reversal of the sentence and thus necessitating a new sentence hearing.
During his opening statement, the Attorney General made the following remarks:
"They [appellant's counsel] have used some year of 1965 when all of his troubles began. I wrote downI quoted them, wrote it down on a legal pad. `This is when all of his troubles began.' All of his troubles did not begin in 1965. He robbed a blind black lady in Prichard, Alabama and was able to beat that charge on a technicality. He purse snatched and I think a police lieutenant will tell you about a situation with regards to another homicide in Prichard, Alabama."
As Justice Maddox noted in Whisenhant v. State, 482 So.2d 1241 (Ala.1983), no evidence was offered during the guilt phase of the trial, and the State failed to offer any evidence of the prior crimes referred to by the Attorney General in his opening statement in the sentencing phase. When the defense rested without offering any evidence in the sentencing phase, the State's attorney, recognizing that he was required to prove the criminal acts, moved the court to allow him to reopen the evidence to prove the crimes referred to by the Attorney General, but the court denied the motion.
The Court of Criminal Appeals based its decision that the error was harmless on the procedural strategy employed by counsel for the defendant, i.e., resting without offering any evidence. That is not the appropriate test for the application of the harmless error rule. To convert the error in this case to harmless error, the State must show beyond a reasonable doubt that the outcome would have been the same notwithstanding the failure to prove the crimes referred to by the Attorney General. Whisenhant v. State, 482 So.2d 1241 (Ala.1983); Washington v. Strickland, 693 F.2d 1243 (5th Cir.1982). This it has not done.
The Attorney General apparently believed that the knowledge of additional crimes would have some impact on the *1249 jury, or he would not have referred to them. We cannot say that it did not.
The harmless error rule is to be applied with extreme caution in capital cases. Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970). We hold that caution must also be observed when reviewing error committed at the penalty phase of the trial. After all, it is the penalty which distinguishes these cases from all other cases.
We hold, therefore, that the Court of Criminal Appeals erred in concluding that the error was harmless, and we reverse its judgment and remand the case to that court for remand to the trial court for a new sentence hearing.
The Court of Criminal Appeals, through Judge Harris, on the first appeal of this case, noted that this was one of the most horrible crimes to reach that court in a long time. We agree.
We are also mindful that this heinous crime occurred in 1976 and that the victim's family has already been subjected to two trials and that two separate juries have recommended death for this defendant. But we also know that each time the State committed reversible error, which requires a court following the law to reverse. We can only add that we share the hope that error will not occur in the third sentence proceeding.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY, BEATTY, and ADAMS, JJ., concur.
MADDOX and FAULKNER, JJ., concur specially.
MADDOX, Justice (concurring specially).
I agree that the Court of Criminal Appeals could not base its decision that the error was harmless on the procedural strategy employed by counsel for appellant, that is, resting without offering any evidence.
The state argues here that the error was harmless because the defense pursued throughout the trial and sentence hearing the strategy of "proving, reiterating, and emphasizing the petitioner's violent nature and long criminal history," and that the statements made by the attorney general were actually consistent with, and beneficial to, the only defense strategy of the petitioner, that of proving and emphasizing that petitioner had "such a long sordid history of violence towards women he must be crazy." Had the Court of Criminal Appeals bottomed its determination of harmless error upon the theory advanced by the state, I would vote to affirm, but because this is a capital case, I cannot vote to affirm a judgment which is based upon what I think is an improper ground; consequently, I concur specially.
FAULKNER, J., concurs.