ON APPLICATION FOR REHEARING
In his brief on application for rehearing,[1] Davis argues, for the first time, that during the sentencing phase of the trial the trial judge considered a presentencing investigation report that had not been disclosed to Davis or his counsel. Davis filed with this Court a motion to supplement the record, to which was attached a copy of a presentencing investigation report on Davis. On February 8, 1990, we ordered the trial court to conduct an evidentiary hearing to determine whether the trial judge had considered the report in sentencing Davis and whether it had been disclosed to defense counsel prior to the sentencing hearing. Both sides agreed, and the trial court found in its order, that the trial judge had considered the report in sentencing Davis. The trial court also found that the report had been disclosed to defense counsel prior to July 28, 1980, the date on which Davis was sentenced to death. In his supplemental brief on application for rehearing, Davis contends that defense counsel was not provided a copy of the pre-sentencing report before sentencing and that the report contained prejudicial and improper information.
The following is a summary of the evidence adduced at the evidentiary hearing and a relevant portion of the trial record:
After the jury returned its verdict on June 13, 1980, the judge who sat at trial and at the sentencing hearing requested that a presentencing report be made. The *Page 740 
presentencing report was completed on June 23, 1980. A sentencing hearing was held on July 14, 1980, and the trial court imposed the death sentence on July 28, 1980.
The trial judge referred to the presentencing report at the sentencing hearing on July 14, 1980:
 "At the time the jury returned the verdict in this case, this Court by way of bench entry directed that the probation supervisor of this county should prepare a pre-sentence investigation and file his report in writing to the Court. Which has been done. Mr. McDonald the Probation Supervisor is present here in court today. The Court has not yet read that but will read it and consider it, along with all the other matters that are now duly and properly before this Court's consideration."
The trial judge testified that he received the presentencing report in open court prior to the date on which Davis was sentenced and that a copy of the presentencing report was handed to defense counsel at the same time. He remembered this, he said, because one of the defense attorneys said the presentencing report was not different from the youthful offender presentencing report, which is a separate report and is contained in the record.
Lee Sims, defense co-counsel at trial, testified that he recalled seeing a youthful offender presentencing report but could not recall whether he saw a presentencing report. His records were destroyed after the trial; therefore, the trial court could not determine whether he had received a copy of the presentencing report.
Stanley Sikes, defense co-counsel, testified that he never saw the presentencing report, and that he did not recall seeing a probation officer or hearing the trial judge refer to the presentencing report. He said his file does not contain a copy of the presentencing report.
George McDonald, the probation officer who compiled the presentencing report, said he thought he handed the trial judge the report just before the sentencing hearing on July 14, 1980. He said he could not recall whether he did so immediately preceding the hearing or 30 minutes before in the clerk's office. He said he thought he gave the defense attorney a copy of the report just before the hearing began, and he said he remembers giving the district attorney a copy of the report. He testified that as of 1978 or 1979 it became mandatory to give all parties a copy of the presentencing report.
Robert Williams, the prosecuting attorney, testified that the probation officer gave him a copy of the presentencing report just before the first sentencing hearing on July 14, 1980. He said he did not recall whether defense counsel was given one but remembers that at the sentencing hearing on July 14, 1980, there was some discussion between the prosecution and the defense attorneys, possibly concerning the similarity between the presentencing report and the youthful offender report.
Gerald Parker, the circuit court clerk in 1980 and in 1990, testified that the presentencing report is not in the clerk's record of the trial, although the clerk did not customarily file a copy of the presentencing report in the record unless the trial court so requested. He said that the trial judge asked the attorneys whether they were satisfied with the presentencing report and that, in a discussion with the prosecuting attorneys and the probation officer, one of the defense attorneys said that the presentencing report was similar to the youthful offender report.
The finding of the trial court will not be disturbed on appeal unless it appears from the record that it was contrary to the great weight of the evidence or is manifestly wrong.Bush v. State, 523 So.2d 538 (Ala.Crim.App. 1988); Magwood v.State, 494 So.2d 124 (Ala.Crim.App. 1985), aff'd,494 So.2d 154 (Ala. 1986); Marschke v. State, 450 So.2d 177
(Ala.Crim.App. 1984). See Thompson v. State, 503 So.2d 871
(Ala.Crim.App. 1986), aff'd, 503 So.2d 887 (Ala. 1987), cert. denied,484 U.S. 872, 108 S.Ct. 204, 98 L.Ed.2d 155 (1987) (receipt by defense counsel of presentencing report at least one day before the sentencing hearing constitutes sufficient disclosure of report). *Page 741 
Based on a thorough review of the record of the evidentiary hearing, we find that the trial court's decision was not against the great weight of the evidence or manifestly unjust. It is indisputable that the trial judge stated at the sentencing hearing on July 14, 1980, that he had asked for, received, and would consider the presentencing report in sentencing Davis. The testimony at the hearing indicates that defense counsel did receive a copy of the presentencing report. The only conflicting testimony is that of defense attorney, Stanley Sikes, who testified that he did not recall seeing a copy of the presentencing report, and that his file did not contain a copy of the report. Lee Sims, the other defense attorney, said he had no recollection of the events of July 1980. Sikes's testimony is outweighed by the testimony of the other witnesses, whose testimony corroborates that of each other. Therefore, the finding of the trial court shall not be disturbed.
Next, Davis argues that the presentencing report was inadmissible at the sentencing hearing. He cites a number of reasons that the trial court should not have considered the presentencing report. Among those reasons are that the report contained hearsay, that the summary of the crime was prejudicial, that a reference to the community affection for the victim was prejudicial, and that admissions by the defendant were obtained without waivers of his rights under the fifth and sixth amendments.
It is clear to this Court that the use of the presentencing report is consistent with Ala. Code 1975, § 13A-5-45(d), Alabama's capital murder statute, which states:
 "Any evidence which has probative value and is relevant to sentence shall be received at the sentence hearing regardless of its admissibility under the exclusionary rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements. This subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or the state of Alabama."
The entire report itself is an out-of-court statement and is entirely hearsay; however, it is admissible under Ala. Code 1975, § 13A-5-47. Thompson v. State, supra. The trial court is not obligated to do more than provide a fair opportunity for rebuttal; where the record indicates that the defendant was given sufficient opportunity to rebut any hearsay statements made at the sentencing hearing, there is no error. Johnson v.State, 399 So.2d 859 (Ala.Crim.App. 1979), aff'd in part and rev'd on other grounds, 399 So.2d 873 (Ala. 1981).
Davis argues that the summary of the offense contained in the presentencing report was prejudicial because, he says, it gave the erroneous impression that the state had conclusively proven the facts alleged in the indictment. This argument is without merit. Davis's culpability was established by the jury's verdict of guilt. See Thompson v. State, supra, at 871. Davis was not prejudiced by this information.
It is equally clear to this Court that the inclusion of a statement in the presentencing report that the victim was "well known and loved in her community" was not error. In Ex parteMartin, 548 So.2d 496 (Ala. 1989), cert. denied, ___ U.S. ___,110 S.Ct. 419, 107 L.Ed.2d 383 (1989), this Court held that the inclusion of a statement in a presentencing report concerning the impact of the victim's death on her family was not error. The court emphasized that, in that case, the presentencing report was not presented to the jury, but to the trial court. Compare Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529,96 L.Ed.2d 440 (1987) (introduction to jury at sentencing phase of capital murder trial of victim-impact statement violates eighth amendment). In this case, the information contained in the presentencing report was not presented to the jury but to the trial judge. Thus, Davis was not prejudiced by its inclusion.
Davis also argues that the presentencing report contains admissions of, among other things, drug use that were not preceded by valid waivers of his fifth and sixth amendment rights. This argument *Page 742 
has no merit. This information was taken from a youthful offender presentencing report that had been compiled 11 months before trial. Although he was afforded two opportunities to deny the truth of the admissions, at no time during the proceedings did Davis do so. A sufficient challenge could have provoked a fact hearing; however, a sufficient challenge would require that Davis state on the record an opposition to the inclusion of information in the presentencing report.Prejean v. Blackburn, 743 F.2d 1091 (5th Cir. 1984), modified by Prejean v. Maggio, 765 F.2d 482 (5th Cir. 1985), cert. denied, Prejean v. Blackburn, ___ U.S. ___, 109 S.Ct. 3259,106 L.Ed.2d 604 (1989). See Thompson v. State, supra. In fact, we note that Davis did not deny or explain any of the information contained in the presentencing report.
Based on the foregoing, we find that the trial court did not err in considering the information contained in the presentencing report.
We have carefully considered the remaining issues raised by Davis in his original brief on rehearing and we find that they were correctly decided by this Court in its opinion of September 15, 1989. See Ex Parte Davis, 554 So.2d 1111 (Ala. 1989). Therefore, we will not address those issues here. In addition to considering the issues raised by Davis, we have carefully reviewed the record of the evidentiary hearing for plain error and have found none.
Accordingly, this Court's opinion in Ex parte Davis, supra, is extended and the application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] See this Court's opinion in Ex parte Davis, 554 So.2d 1111
(Ala. 1989).