Having searched the record and considered each issue raised by the petitioner, we summarily affirm the judgment of the Court of Criminal Appeals. 587 So.2d 1218. We do, however, address one issue raised by the petitioner in a supplemental brief. The petitioner contends in the supplemental brief that the trial court incorrectly instructed the jury regarding "reasonable doubt," and cites Cage v. Louisiana, ___ U.S. ___,111 S.Ct. 328, 112 L.Ed.2d 339 (1990).
At trial, petitioner's counsel did not object to the instruction he now contends was prejudicial. In a death penalty case, of course, a defendant's failure to raise a claim of error at trial does not preclude this Court from reviewing the record for "plain error" and taking appropriate action whenever plain error appears. A.R.App.P., Rule 39(k); see Ex parteWaldrop, 459 So.2d 959 (Ala. 1984), cert. denied, 471 U.S. 1030,105 S.Ct. 2050, 85 L.Ed.2d 323 (1985).
"Error" is "plain error" only when it "has or probably has adversely affected the substantial rights of the [defendant]," Rule 39(k), A.R.App.P., and plain error is to be acted upon "in the same manner as if the defendant's counsel had preserved and raised [the] error for appellate review." Johnson v. State,507 So.2d 1351, 1356 (Ala. 1986).
We have examined the entire record in this case. The evidence of the petitioner's guilt is overwhelming. We have specifically examined petitioner's claim that the trial court's instruction to the jury on "reasonable doubt" was "plain error." In that examination, we have compared the trial court's jury instruction regarding "reasonable doubt" with the instruction recently reviewed by the United States Supreme Court inCage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339
(1990), and condemned by that Court as violative of Cage's constitutional rights. The instruction given in this case does not contain the same infirmity that the Supreme Court of the United States found in the trial court's instruction in Cage.
We hold, therefore, that there is no "plain error" affecting the substantial rights of the petitioner, and thus, no legal reason to grant the petitioner a new trial.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.