[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 570 
 On Return to Remand
This cause was remanded to the trial court in order to conduct a new sentencing hearing, after the Alabama Supreme Court determined that the trial court improperly gave the deadlocked jury a charge pursuant to Allen v. United States,164 U.S. 492, 17 S.Ct. 152, 41 L.Ed. 528 (1896); during the sentencing phase, Ex parte Giles, 554 So.2d 1089 (Ala. 1987). In his last appeal, Giles v. State, 554 So.2d 1073 (Ala.Cr.App. 1984), affirmed in part, reversed in part, Ex parte Giles,554 So.2d 1089 (Ala. 1987), the appellant did not challenge the sufficiency of the evidence; therefore, testimony was presented during the sentencing hearing on remand for the jury's evaluation of the aggravating and mitigating circumstances.
 I
The appellant argues that the trial court's override of the jury's advisory verdict of life imprisonment without parole was erroneous. In the present case, the jury informed the court that it was deadlocked, with 11 jurors voting for the death penalty, and 1 juror voting for life imprisonment without parole.[1] The trial court thereafter determined that further deliberations would be useless and dismissed the jury. A jury recommendation of life imprisonment without parole was then entered, but following a separate sentencing hearing before the trial court, this recommendation was considered and rejected by the trial court. The appellant argues that this override was improper; that Ex parte Hays, 518 So.2d 768 (Ala. 1986), cert. denied, 485 U.S. 929, 108 S.Ct. 1099, 99 L.Ed.2d 262 (1988), was incorrectly decided and should not be applied to this case; and that the trial court's reference to the new death penalty statute in its sentencing order constituted plain error.
Under the evidence presented and the circumstances of this offense, it is clear that the trial court's override of the jury's advisory verdict was proper. White v. State,587 So.2d 1218 (Ala.Cr.App. 1990), affirmed, 587 So.2d 1236 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 979, 117 L.Ed.2d 142
(1992); Parker v. State, 587 So.2d 1072 (Ala.Cr.App. 1991);Williams v. State, 627 So.2d 985 (Ala.Cr.App. 1991); Duncan v.State, 575 So.2d 1198 (Ala.Cr.App. 1990), cert. denied,575 So.2d 1208 (Ala. 1991). Moreover, although this offense occurred before July 1, 1981, the effective date of the death penalty statute now in force, the Alabama Supreme Court has clearly held that the trial court could properly override a jury's recommended verdict on a capital offense still governed by § 13-11-1 et seq., Code of Alabama 1975. Ex parte Hays,518 So.2d 768 (Ala. 1986), cert. denied, 485 U.S. 929,108 S.Ct. 1099, 99 L.Ed.2d 262 (1988). The Alabama Supreme Court in Exparte Hays further determined that this holding did not violate the ban on ex post facto laws. See also Dobbert v. Florida,432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
Despite the appellant's arguments that the Alabama Supreme Court's holding in Ex parte Hays, supra, was erroneous and violated Beck v. State, 396 So.2d 645 (Ala. 1980), this court is bound by the holdings of the Alabama Supreme Court and, thus, the holding in Ex parte Hays, supra. See § 12-3-16, Codeof Alabama 1975 ("[t]he decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals. . . ."). *Page 571 
The appellant also argues that the trial judge's reference in his sentencing order to the new death penalty provisions constituted reversible error. The record indicates that the trial judge stated that he had considered and applied the aggravating and mitigating circumstances contained in the new Criminal Code, specifically § 13A-5-49 and § 13A-5-51, Code ofAlabama 1975. However, while the trial court's reference to the new statute was erroneous, the error was harmless because the statutory definitions in the old and new statutes are substantially identical. Rule 45, A.R.App.P.
Similarly, in Giles v. State, 554 So.2d 1073, 1088
(Ala.Cr.App. 1984), affirmed in part, reversed in part,554 So.2d 1089 (Ala. 1987), this court stated:
 "The trial court should have referred to those aggravating circumstances as set out in § 13-11-6, Code of Alabama (1975) (now repealed). The language of § 13-11-6(3) which establishes 'a great risk of death to many persons,' the aggravating circumstance referred to in the trial court's order, as an 'aggravating circumstance' in capital cases was identical to the language in § 13A-5-49(3), Code of Alabama (1975). The order on remand also made reference to the aggravating circumstances set out in § 13-11-6(4), Code of Alabama (1975), which is virtually identical to the present § 13A-5-49(4), Code of Alabama (1975); see Lynn v. State, 477 So.2d 1365, 1380 (Ala.Cr.App. 1984), rev'd on other grounds, 477 So.2d 1385 (Ala. 1985). The 'technical errors' were errors without any injury to the appellant."
In the present case, the trial court found the existence of three aggravating circumstances: "that the defendant knowingly created a great risk of death to many persons"; "that this offense was committed while the defendant was engaged, or was an accomplice, in the commission of an attempt to commit, or flight after committing, or attempting to commit, a robbery"; and "that the capital offense in this case was specially [sic] heinous, atrocious or cruel as compared to other capital offenses." Although the statutory definition of this latter aggravating was changed in the new Criminal Code to add the language "compared to other capital offenses," this additional language actually benefitted the appellant by making the State's burden greater, and by providing a better guideline for evaluation and narrower construction of this circumstance.Lindsey v. Thigpen, 875 F.2d 1509 (11th Cir. 1989).
As to the mitigating circumstances, although the trial court again referred to the new code's definitions of the two mitigating circumstances that it found properly applied to the case, this error was harmless, because the language in those subsections is identical to the language found in their statutory predecessors. The trial court found that the appellant had no significant history of prior criminal activity, pursuant to § 13A-5-51(1), rather than § 13-11-7(1), and that the defendant's age at the time of the crime was a mitigating circumstance. § 13A-5-51(7) and its predecessor § 13-11-7(7). As with the aggravating circumstances, this error was harmless. Rule 45, A.R.App.P.
The appellant argues that the trial court erred by failing to consider evidence of a number of mitigating circumstances and by failing to have found that these circumstances existed. The trial court found the existence of two statutory mitigating circumstances: the appellant's age, and the lack of a significant history of prior criminal activity. Thereafter, in reference to the evidence offered by the appellant as nonstatutory mitigation, the trial court stated in its sentencing order:
 "H. In addition to the mitigating circumstance listed under § 13A-5-51, the defendant has argued as mitigating circumstance the fact that a long time has lapsed since the commission of the capital offense and this date. And the Court does find that a long time has elapsed between those two times, but does not find that it is a mitigating circumstance or that it is entitled to any weight.
 "I. As far as the remorse of the defendant is concerned, this has not necessarily been proved to the Court's satisfaction although there was at least one witness who testified to the change in attitude of the defendant. The Court does not find that this has been sufficiently established. *Page 572 
 "J. As to cooperation of the defendant with the authorities after the crime by giving a statement, it might be and is noted by the Court that at the time the statement was given the defendant already realized that four of the victims of the crime had survived and were able to identify him.
 "Having considered all of the statutory aggravating circumstances and the statutory mitigating circumstances and the additional mitigating circumstances and evidence offered by the defendant, the court now finds and is convinced beyond a reasonable doubt that the aggravating circumstances as heretofore stated and brought before this Court outweigh any mitigating circumstances as presented by the evidence."
Moreover, during the sentencing hearing before the jury, the trial court had read to the jurors an extensive list of nonstatutory mitigating factors urged by the appellant for their consideration.
Although the appellant argues that the trial court should have considered and found a number of nonstatutory mitigating circumstances, including that he has adjusted well to prison life, that he attends religious services, that he has expressed remorse, that he was a good student and a helpful family member, that he came from a deprived background, and that he could contribute to society by aiding thousands of prisoners in their moral development, the decision as to whether a particular mitigating circumstance is sufficiently proven by the evidence and the weight to be accorded to it rests with the trial court. See Haney v. State, 603 So.2d 368 (Ala.Cr.App. 1991), affirmed, 603 So.2d 412 (Ala. 1992).
 " ' "Although consideration of all mitigating circumstances is required by the United States Constitution, Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), the decision of whether a particular mitigating circumstance in sentencing is proven and the weight to be given it rests with the judge and jury. Lucas v. State, 376 So.2d 1149 (Fla. 1979)." Smith v. State, 407 So.2d 894, 901 (Fla. 1981).' "
Harrell v. State, 470 So.2d 1303, 1308 (Ala.Cr.App. 1984), affirmed, 470 So.2d 1309 (Ala.), cert. denied, 474 U.S. 935,106 S.Ct. 269, 88 L.Ed.2d 276 (1985). See also McWilliams v.State, [Ms. 6 Div. 190, August 23, 1991] ___ So.2d ___ (Ala.Cr.App. 1991).
In Ex parte Haney, 603 So.2d 412 (Ala. 1992), the Alabama Supreme Court held that the trial court properly considered as a nonstatutory mitigating circumstance that the appellant had been a victim of spousal abuse. The trial court in that case stated that it had considered "the evidence offered by the defendant, and aspects of the presentence report favorable to the defendant on mitigation to determine if there is any aspect of the defendant's character on record or any circumstance of the offense for which she has been convicted that would constitute a mitigating circumstance." 603 So.2d at 418. Although the trial court did not specifically state in its order that it considered the evidence of spousal abuse, the Alabama Supreme Court found no error and further held that the fact that the trial court did not specifically find the existence of that nonstatutory mitigating circumstance did not mean that the trial court did not consider that evidence. The Court also noted that the jury was properly instructed to consider not only the statutory mitigating circumstances, but also " 'any aspect of the defendant's character or record in any of the circumstances of the offense.' "
We find no error in the trial court's weighing of the aggravating and mitigating circumstances. It is clear that this is a matter within the trial court's sound discretion.McWilliams v. State, supra; Haney v. State, supra. There was no error for the trial court to find that the statutory mitigating circumstances, including the appellant's age and lack of prior criminal history, and the nonstatutory mitigating circumstances, such as that he has been a model prisoner, a good student, and a helpful family member, was outweighed by the aggravating circumstances that the defendant knowingly created a great risk of death to many persons, that the capital offense was committed while the appellant was engaged or was an accomplice in the commission of or in attempt to commit, or flight after committing, or attempting to *Page 573 
commit, robbery, and that the offense was especially heinous, atrocious, or cruel. The appellant and his accomplice broke into the victims' home, in order to rob them, viciously shot and stabbed the parents, the grandmother, and the young children, leaving the parents dead and their surviving family members severely wounded.
 II
The appellant argues that the trial court violated Ex parteKyzer, 399 So.2d 330 (Ala. 1981), by failing to find, as an aggravating circumstance, that he committed a double intentional murder. Therefore, he argues, because no finding of this aggravating circumstance was made, his sentence must be commuted to life imprisonment. Specifically, the appellant argues that Ex parte Kyzer, supra, mandates that a death sentence cannot be imposed unless the trial court finds that the aggravating circumstance alleged in the indictment is present in the case. However, the State's proof of this aggravating circumstance was upheld by the appellant's conviction. In imposing sentence, the trial court noted that the appellant had already been convicted of the "offense of double murder, a capital offense," and found that the aggravating circumstances outweighed the mitigating circumstances, and that, therefore, the death sentence was appropriate. There is no statutory aggravating circumstance that directly addresses double murders; however, the aggravating nature of the double murder elevates the offense from murder in the first degree to capital murder. By upholding the conviction, the trial court found this aggravating circumstance. There was no violation of Ex parte Kyzer, supra.
 III
The appellant argues that the trial court improperly found the existence of the aggravating circumstance that he knowingly created a great risk of death to many persons. The appellant argues that, aside from the victims of the crime, he did not create a great risk of death to anyone. However, the evidence proved that, during the offense, the appellant killed Carl and Willene Nelson, shot their daughter in the eye, shot Carl Nelson's mother in the face, shot the victims' 19-year old son twice in the chest, and beat and stabbed the victims' 10-year old son. Clearly, the evidence established that this aggravating circumstance existed. § 13-11-6(3). The appellant's claim that this statutory aggravating circumstance applies only to "unintended" victims is without basis.
 IV
The appellant argues that the trial court violated his right against being placed in double jeopardy by determining that he placed many persons in great risk of death, as well as that the offense was especially heinous, atrocious, and cruel. He alleges that, in finding both of these aggravating circumstance, he was subjected to double punishment for the same criminal act. This claim is without merit because he was convicted of one count of capital murder and received one sentence of death. See Grady v. Corbin, 495 U.S. 508,110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Under the facts of certain cases, a trial court may properly find the existence of these two aggravating circumstances in the same case. See White v. State,587 So.2d 1218 (Ala.Cr.App. 1990), affirmed, 587 So.2d 1236
(Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 979,117 L.Ed.2d 142 (1992). In the present case, the aggravating circumstance refers to and includes the harm done to the surviving family members. The second aggravating circumstance, that the crime was especially heinous, atrocious, and cruel, refers to the unnecessarily tortuous suffering inflicted on the victims of the murder.
 V
The appellant argues that the trial court's override of the jury's advisory verdict of life imprisonment without parole was arbitrary and standardless. He argues that a standard such as that announced in Tedder v. State, 322 So.2d 908 (Fla. 1975), should be adopted. However, this argument has been decided adversely to the appellant on numerous occasions. See Williamsv. State, 627 So.2d 985 (Ala.Cr.App. 1990); Parker v. State,587 So.2d 1072, 1098 (Ala.Cr.App. 1991). *Page 574 
 VI
The appellant argues that the State made several improper comments during the closing argument, which denied him of his right to a fair trial. However, because the jury returned a recommendation of life imprisonment without parole, any error in the prosecutor's comments was harmless. Rule 45, A.R.App.P.
 "Furthermore, even if the prosecutor's argument was improper and thus constituted error, the error was harmless since the jury returned a recommendation of life imprisonment without parole. The recommendation would have been the same with or without the argument of the prosecutor and, therefore, the appellant was not prejudiced by the prosecutor's argument. The harmless error rule is applicable to errors occurring during the sentencing phase of a capital case." See Ex parte Whisenhant, 482 So.2d 1241
(Ala. 1983).
Hooks v. State, 534 So.2d 329, 361 (Ala.Cr.App. 1987), affirmed, 534 So.2d 371 (Ala. 1988), cert. denied,488 U.S. 1050, 109 S.Ct. 883, 102 L.Ed.2d 1005 (1989).
 VII
The appellant argues that the trial court erred in refusing to allow him to plead for his life before the jury. However, because the jury returned an advisory verdict of life imprisonment without parole, the appellant was not prejudiced on this ground. Rule 45, A.R.App.P. Moreover, the appellant was given the opportunity to address the trial court before his sentence was imposed, but he refused to do so.
 VIII
The appellant argues that the trial court erred in refusing his requested jury charges on residual doubt and on the jury's option to vote for life imprisonment without parole. However, because the jury returned an advisory verdict of life imprisonment without parole, the appellant suffered no prejudice on this ground. Rule 45, A.R.App.P.
 IX
The appellant argues that blacks were systematically excluded from the jury pool, so that he did not receive a fair cross-section of the population on his jury for sentencing. However, the record indicates that the appellant offered no evidence to support this claim and, therefore, has failed to establish a prima facie violation of the fair cross-section requirement of the constitution. See McMillian v. State,594 So.2d 1253 (Ala.Cr.App. 1991), remanded, 594 So.2d 1288 (Ala. 1992), on remand, 594 So.2d 1289 (Ala.Cr.App. 1992). The trial court properly denied the appellant's claim.
The appellant also argues that a black juror was improperly excused, on the ground that she was the sole caretaker of a five-year-old child and six-week-old baby. The record indicates that defense counsel objected to the trial court's decision to excuse this veniremember, stating, "If you want to do it I understand why with a six-week old child. For the record, I feel I need to object to it." The trial court is vested with broad discretion to excuse potential jurors from service, pursuant to § 12-16-63, Code of Alabama 1975. We find no error or prejudice to the appellant based on the excuse of this juror.
 X
The appellant argues that two veniremembers should not have been struck for cause and that a third veniremember should have been struck for cause. However, because the jury returned an advisory verdict of life imprisonment without parole, any error because of these decisions would have been harmless. Rule 45, A.R.App.P.
Moreover, the veniremember that the appellant claims should have been struck, because he indicated he was a member of a community watch group, also indicated that he did not believe that all capital murderers should receive the death sentence. The appellant also never moved to have this juror struck for cause, so any error would have to rise to plain error, pursuant to Rule 45A, A.R.App.P. Clearly, this failure to exclude this juror did not adversely affect the substantial right of the appellant.
The appellant argues that a veniremember should have been struck because he indicated *Page 575 
he could not consider age as a mitigating circumstance and because it was unclear whether he had a prior conviction for the sale of marijuana. However, the record indicates that defense counsel objected to the removal of this veniremember from the panel and thereby invited any error which he now claims. See Rogers v. State, 630 So.2d 78 (Ala.Cr.App. 1991), reversed on other grounds, 630 So.2d 88 (Ala. 1992).
The appellant argues that the trial court erred in excusing a veniremember, who indicated that she would automatically vote against the death penalty, because the trial court should have questioned her further. However, the record indicates that the appellant did not request further voir dire examination or undertake any himself. Based on the juror's responses, we find no error in her being excused, pursuant to Witherspoon v.Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
 XI
The appellant argues that the trial court erred in failing to allow him to examine the veniremembers' views on nonstatutory mitigation. Similarly, he argues that the prosecutor improperly commented on the jury's advisory verdict during his closing argument. However, because the jury returned an advisory verdict of life imprisonment without parole, any error on these grounds would not have prejudiced the appellant and, therefore, would be harmless. Rule 45, A.R.App.P. See also Hooks v. State,534 So.2d 329, 357-58 (Ala.Cr.App. 1987), affirmed,534 So.2d 371 (Ala. 1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883,102 L.Ed.2d 1005 (1989).
 XII
The appellant argues that the trial court erred by allowing the State 14 strikes and the defense only 13 strikes. However, this matter has been resolved adversely to the appellant.Brooks v. State, 471 So.2d 507, 509 (Ala.Cr.App. 1984).
 XIII
The appellant claims that the trial court erred in allowing into evidence two photographs depicting the bodies of the victims at the murder scene. However, because the State sought to establish the aggravating circumstance that the murders were especially heinous, atrocious, and cruel, the photographs were relevant and admissible.
 "The photographs depict the location of the crime, the manner in which it was carried out, and its viciousness, all of which were highly relevant to the issues in the case. Moreover, the photographs were relevant to corroborate or disprove other evidence in the case. They were probative in proving the aggravating circumstance that the crime was committed in an especially heinous, atrocious, or cruel manner as compared to other capital offenses."
Haney v. State, 603 So.2d 368 (Ala.Cr.App. 1991), affirmed,603 So.2d 412 (Ala. 1992).
Furthermore, the fact that the jury returned an advisory verdict of life imprisonment without parole weighs against the appellant's claim of prejudice.
 XIV
The appellant argues that his constitutional rights were violated because he was absent during a discussion between the trial judge and the attorneys concerning the aggravating and mitigating circumstances to be presented. Because no objection was made at trial on this ground, any error would have to constitute plain error, pursuant to Rule 45A, A.R.App.P. The appellant claims that he was prejudiced, because, he says, his absence resulted in an incomplete presentation of all the mitigating evidence. However, the record indicates that a discussion of the identical aspects raised during the discussion in question had previously taken place in court, with the appellant present. Moreover, the appellant cites no mitigating evidence that was not presented, and he was present for the entire presentation of the defense's case, which followed the discussion held in his absence.
The appellant's right of confrontation and cross-examination were not violated in this case, nor was his right to due process violated, *Page 576 
because the appellant's presence would not have contributed to the fairness of this procedure. McMillian v. State, supra. See also Harris v. State, 632 So.2d 503 (Ala.Cr.App. 1992).
 XV
The appellant argues that the trial court erred in considering his presentence report before sentencing him. The appellant raises a number of grounds for this argument, including that the report contains hearsay and other inadmissible evidence, such as his record of prior arrests, and because it contains no information that became available after he was convicted in 1982. However, hearsay evidence was admissible during sentencing under the former statute. § 13-11-3, Code of Alabama 1975. Furthermore, the appellant was provided with the opportunity to rebut any statements contained in this report. Ex parte Davis, 569 So.2d 738 (Ala. 1990), cert. denied, 498 U.S. 1127, 111 S.Ct. 1091, 112 L.Ed.2d 1196
(1991).
The inclusion in the report of prior arrests on charges that were either unadjudicated or dropped was not error because they were included under the heading of "RECORD OF ARREST(S)." SeeKuenzel v. State, 577 So.2d 474, 530 (Ala.Cr.App. 1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, ___ U.S. ___,112 S.Ct. 242, 116 L.Ed.2d 197 (1991). The appellant was not prejudiced by the trial court's consideration of the report, which included the record of these arrests, because the trial court found, as a mitigating circumstance, that he had no significant history of prior criminal activity.
A review of the presentence report contained in the record reveals no statutory deficiency. Therefore, the trial court did not err in considering the presentence report prior to sentencing the appellant to death.
 XVI
The appellant argues that his trial and sentencing were the result of racial prejudice, or the appearance of racial prejudice. He cites the fact that he was referred to as a black man during the proceedings, and further claims that he was sentenced by an all-white jury in Morgan County. The appellant also refers to an opinion survey of Blount County residents to support this claim; however these sentencing proceedings were held in Morgan County, following a request for a change of venue by the appellant. Furthermore, the jury that sentenced the appellant contained black members, as well as white members. This jury returned a recommendation of life imprisonment without parole. The occasions to which the appellant cites, wherein he was referred to as "a black man" or "the black gentleman," during the court proceedings, were a means of identifying him in the courtroom. No objections were ever raised to these comments, and the jury's advisory verdict suggests that he was not prejudiced thereby. See McMillian v.State, supra.
 XVII
Although the appellant points out alleged errors that purportedly occurred during the guilt phase of his trial, as well as in the Supreme Court's decision remanding this case for a third sentencing hearing, this court will not "revisit" these issues. The Alabama Supreme Court affirmed the appellant's conviction, but reversed as to the death sentence and remanded the cause with instructions that a new sentencing hearing be held. Ex parte Giles, 554 So.2d 1089 (Ala. 1987). Pursuant to those orders for remand, this cause was sent to the trial court for a new sentencing hearing. Giles v. State, 554 So.2d 1094
(Ala.Cr.App. 1987). It is that sentencing hearing only that is under review. See Magwood v. State, 548 So.2d 512, 515
(Ala.Cr.App.), affirmed, 548 So.2d 516 (Ala. 1988), cert. denied, 493 U.S. 923, 110 S.Ct. 291, 107 L.Ed.2d 271 (1989).
 XVIII
Because this capital case was pending on July 1, 1981, we make the following findings pursuant to Beck v. State,396 So.2d 645 (Ala. 1980), and § 13A-5-53, Code of Alabama 1975. The appellant was convicted of the murder of two or more people in one act or a series of acts, pursuant to § 13-11-2(a)(10),Code of Alabama 1975 (now repealed). That offense is one punishable by death. Similar crimes throughout this state are being punished capitally. Hill v. State, 455 So.2d 930
(Ala.Cr.App. 1984), affirmed, *Page 577 455 So.2d 938 (Ala.), cert. denied, 469 U.S. 1098,105 S.Ct. 607, 83 L.Ed.2d 716 (1984); Berard v. State, 402 So.2d 1044
(Ala.Cr.App. 1980); Ex parte Kyzer, 399 So.2d 330 (Ala. 1981). Moreover, the appellant's accomplice was sentenced to death for these murders. Jones v. State, 520 So.2d 543 (Ala.Cr.App. 1985), affirmed, 520 So.2d 553 (Ala.), cert. denied,488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988).
After an independent weighing of the aggravating and mitigating circumstances by this court, we are convinced that the sentence of death is appropriate in relation to this particular defendant. § 13A-6-53(b)(2). There is no evidence or indication that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. § 13A-5-53(b)(1). The sentence of death in this case is neither excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. §13A-5-53(b)(3). We have searched this record for error and find no error adversely affecting the appellant's rights. He received a fair and impartial sentencing hearing. Therefore, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
BOWEN, J., concurs in result without opinion.
[1] The appellant was tried under the 1975 death penalty statute, which required a unanimous jury verdict before the death penalty could be imposed.