The appellant, Anthony Ray Williams, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life imprisonment in the penitentiary. *Page 75 
The state's evidence tended to show that on April 10, 1992, the appellant left Birmingham with Allen Williams, Steven Wayne Dancy, and Preston Sims to go to Huntsville. Although the evidence was conflicting, testimony showed that the group was going to Huntsville to look for Cornelius Lacey because he allegedly owed Allen Williams money. At some point during the evening, the group encountered Lacey in a car with some other people at a convenience store in Huntsville. The appellant and Preston Sims got out of their car and approached Lacey's car. The appellant was armed with a revolver and Preston Sims was armed with a semi-automatic pistol. The appellant approached the driver's side of the car and Sims approached the passenger's side. Sims pointed his gun inside the car but it jammed and would not fire. The appellant fired several shots into the car, killing Cornelius Lacey. The four men returned to Birmingham.
 I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal. More specifically, the appellant contends that the evidence was insufficient to support his conviction for murder because, he says, the only evidence connecting him with the crime was the uncorroborated testimony at trial of Preston Sims and Steven Wayne Dancy, who the appellant contends were his accomplices.
Section 12-21-222, Code of Alabama 1975, provides:
 "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
"Corroborate" is defined as "to strengthen; to add weight or credibility to a thing by additional and confirming facts or evidence." Black's Law Dictionary 344 (6th ed. 1990).
 " ' "[C]orroborative evidence need not refer to any statement or fact testified to by the accomplice. Neither must it be strong nor sufficient of itself to support a conviction. The probative value of the evidence need only legitimately tend to connect the accused with the crime and need not directly do so. Further, corroborative evidence need not directly confirm any particular fact nor affirm each and every material fact testified to by the accomplice. Corroboration may be proven by circumstantial evidence alone." '
 Mills v. State, 408 So.2d 187, 191 (Ala.Cr.App. 1981)."
Chevere v. State, 607 So.2d 361, 365 (Ala.Cr.App. 1992).
Preston Sims had already pleaded guilty to manslaughter in connection with this case. Therefore, he is an accomplice as a matter of law and § 12-21-222, Code of Alabama 1975, requires that his testimony be corroborated.
The appellant further contends that Steven Wayne Dancy was also an accomplice. Testimony was elicited that Dancy was with the appellant at the time of the murder, but he testified that he did not participate in the murder. Furthermore, he was never charged or prosecuted in connection with the murder. "The test for determining whether a witness is an accomplice is whether he or she could have been indicted and convicted for the offense charged, either as principal or accessory." Gordon v.State, 611 So.2d 453, 455 (Ala.Cr.App. 1992).
 "Whether a witness is an accomplice may be a question of law or fact, depending on the circumstances. Where there is doubt or dispute concerning the complicity of a witness and the testimony is susceptible to different inferences on that point, the question is for the jury."
Adair v. State, 641 So.2d 309, 311 (Ala.Cr.App. 1993).
The trial court correctly instructed the jury that the issue of whether Dancy was an accomplice was for its determination. The court further instructed the jury that if it found that Dancy was not an accomplice, then it could consider whether his testimony corroborated that of Sims. § 12-21-222, Code of Alabama 1975. *Page 76 
Whether Steven Wayne Dancy was an accomplice, and, if he was not, whether his testimony corroborated Preston Sims, were issues of fact for the jury. The jury was correctly instructed on the applicable law. We assume that the jury applied the law as instructed and we infer from its verdict that the jury found that Steven Wayne Dancy was not an accomplice. The jury found sufficient evidence to be convinced beyond a reasonable doubt that the appellant was guilty of murder. We will not substitute our judgment for that of the jury. Owens v. State,597 So.2d 734, 737 (Ala.Cr.App. 1992).
The trial court did not err in denying appellant's motion for a judgment of acquittal.
 II
The appellant also contends that the trial court erred in refusing several of his requested jury charges. This issue is not preserved for our review because the appellant did not object to the court's refusal of these charges. Rule 21.2, Ala.R.Crim.P., states:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 III
The appellant next contends that the trial court erred in denying his motion requesting the court to order the state to disclose information concerning prospective jurors. More specifically, the appellant asks this court to reconsider its position on this issue as stated in Cooper v. State,611 So.2d 460 (Ala.Cr.App. 1992). In Cooper, this court held that a defendant has no absolute right to the disclosure of arrest and conviction records of prospective jurors. 611 So.2d at 465. Furthermore, this court held that the state has no duty to disclose to a defendant information that is available to the defendant from another source (for example, voir dire). 611 So.2d at 465.
Our decision in Cooper is in line with the prevailing case law. See Kelley v. State, 602 So.2d 473 (Ala.Cr.App. 1992);Davis v. State, 554 So.2d 1094 (Ala.Cr.App. 1984), aff'd,554 So.2d 1111 (Ala. 1989), on application for reh'g, 569 So.2d 738
(Ala. 1990), cert. denied, 498 U.S. 1127, 111 S.Ct. 1091,112 L.Ed.2d 1196 (1991); Clifton v. State, 545 So.2d 173
(Ala.Cr.App. 1988); Hurst v. State, 469 So.2d 720 (Ala.Cr.App. 1985); Wright v. State, 424 So.2d 684 (Ala.Cr.App. 1982);Slinker v. State, 344 So.2d 1264 (Ala.Cr.App. 1977). We consider our decision in Cooper to be well reasoned, right, and fair. Therefore, we hold that the trial court did not err in denying the appellant's motion.
 IV
The appellant finally contends that the trial court erred in allowing the jury to take state's exhibit number 31 to the jury room. State's exhibit number 31 was a plastic bag containing a box of pistol shells and a receipt. State's exhibit number 31 was lawfully received into evidence over the appellant's objection. Section 12-16-14, Code of Alabama 1975, provides:
 "All instruments of evidence and depositions read to the jury may be taken out by them on their retirement."
Furthermore, Rule 22.1(b), Ala.R.Crim.P., provides:
 "(b) Permitted materials. Within the exercise of its discretion, the court may permit the jurors, upon retiring for deliberation, to take with them exhibits, writings, and documents that have been received into evidence."
The trial court did not err in allowing state's exhibit number 31 to be taken to the jury room.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 77